UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINA VEGA,<br>obo J.G., a minor,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>           Defendant. | Case No. ED CV 11-769-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

On May 26, 2011 plaintiff Delfina Vega, as guardian ad litem on behalf of her minor son, J.G., filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of childhood Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents three disputed issues for decision: (1) whether the Administrative Law Judge ("ALJ") properly considered plaintiff's testimony and opinion; (2) whether the ALJ properly considered Exhibits 11F, 12F, and 13F; and (3) whether the ALJ should have considered a closed period of disability. Memorandum in Support of Plaintiff's Complaint ("Pl. Mem.") at 8; Memorandum in Support of Defendant's Answer ("D. Mem.") at 3-10.

Having carefully studied, inter alia, the parties' written submissions, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ failed to state reasons germane to plaintiff for discounting her credibility, and therefore did not properly consider her testimony. In addition, the ALJ failed to properly consider Exhibits 11F and 12F in that he failed to obtain a medical expert's case evaluation based on the entire record. Therefore, the court remands this matter to the Commissioner of the Social Security Administration ("Commissioner") in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

J.G., who was thirteen years old on the date of his July 28, 2009 administrative hearing, is a high school student. AR at 11, 22.

On October 22, 2007, plaintiff filed an application for SSI on behalf of J.G. due to attention deficit hyperactivity disorder ("ADHD"), alleging an onset date of September 1, 2004.[1] AR at 8, 58. The Commissioner denied plaintiff's

---

[1] Plaintiff, on behalf of J.G., filed a prior claim for SSI. AR at 22, 101-02. The application was denied on June 1, 2006. AR at 102, 178. The prior application and denial are not included in the Administrative Record.

application initially and upon reconsideration, after which she filed a request for a hearing. AR at 58-68.

On July 28, 2009, plaintiff and J.G., represented by counsel, appeared and testified at a hearing before the ALJ. AR at 22-37. On October 27, 2009, the ALJ denied plaintiff's claim for benefits. AR at 8-21.

Applying the three-step sequential evaluation process,[2] the ALJ found, at step one that J.G. did not engage in substantial gainful activity since October 22, 2007. AR at 11.

---

[2] "An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). In determining eligibility for SSI based on a childhood disability, the Commissioner applies a three-step evaluation process. 20 C.F.R. § 416.924(a).

At step one, the Commissioner considers whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If not, then at step two, the Commissioner considers whether the impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). If severe, step three requires the Commissioner to determine whether the impairment meets, medically equals, or functionally equals in severity any impairment that is listed in 20 C.F.R. Part 404, Subpart P. Appendix 1 (the "Listings"). 20 C.F.R. § 416.924(d).

An impairment functionally equals a Listing if the child has marked limitations in two out of six functional domains or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The six functional domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

At step two, the ALJ found that J.G. suffered from the following severe impairment: ADHD. *Id.*

At step three, the ALJ found that J.G.'s impairment did not meet or medically equal one of the Listings. *Id.* The ALJ also determined that the impairment did not functionally equal any of the Listings, finding that J.G. had marked limitations in acquiring and using information (AR at 15-16), but less than marked or no limitations in the other domains (AR at 16-20).[3] Consequently, the ALJ found that J.G. was not disabled from October 22, 2007 through the date of the decision. AR at 20.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

---

[3] A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends that the ALJ erred in finding J.G. has less than marked limitations in the second domain: attending and completing tasks. Plaintiff asserts that each of the three issues she raises as grounds for relief – (1) whether the ALJ failed to properly consider plaintiff's testimony by failing to give a germane reason for discounting her testimony, (2) whether the ALJ failed to properly consider Exhibits 11F, 12F, and 13F by failing to seek an evaluation of the entire case, including these exhibits, from a medical expert, and (3) whether the ALJ should have considered a closed period of disability – contributed to the ALJ's finding that J.G. has less than marked limitations in attending and completing tasks.

A.  **The ALJ Failed to Specify Germane Reasons for Discounting Plaintiff's Testimony**

Plaintiff argues that the ALJ improperly discounted her testimony. Pet. Mem. at 8-12. Specifically, plaintiff contends that the ALJ failed to give germane reasons for discounting her testimony and Function Report, dated October 22, 2007, regarding the functional domain of attending and completing tasks. This court agrees.

"[L]ay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006) (internal quotation marks, ellipses, and citation omitted) (emphasis in original); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also* 20 C.F.R. § 416.913(d)(4) (explaining that Commissioner will consider evidence from "non-medical sources[,]" including "spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy[,]" in determining how a child functions compared to similarly aged children who do not have an impairment). The ALJ may only discount the testimony of lay witnesses if he provides specific "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 2003); *accord Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").

In the Function Report, plaintiff indicated that J.G. is unable to keep busy on his own, finish what he starts, work on arts and crafts projects, complete his homework, and complete his chores. AR at 99. Subsequently, at the hearing, plaintiff testified that J.G. will not do one activity for thirty continuous minutes at

home, but that she believes he has started finishing his work at school. AR at 31. Plaintiff also testified that J.G. "was doing better," his grades were improving, and that his behavior was improving. AR at 31-33.

The ALJ, after summarizing plaintiff's testimony, determined that plaintiff was "only credible to the extent that she [was] consistent with the findings herein." AR at 12. But the ALJ did not there, or anywhere, specify what his basis was for discounting plaintiff's testimony. Instead, the ALJ proceeded to summarize and discuss the other lay and medical opinions, and his findings based on these opinions. One might infer from this that the ALJ discounted plaintiff's testimony based on inconsistent medical opinions, other lay opinions, and J.G.'s academic and behavioral improvements. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008) (finding that inconsistency with actual functional abilities is a germane reason to reject lay testimony); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting lay testimony). But to draw such an inference requires something of a leap, in that the ALJ nowhere stated that these conflicting opinions and testimony were in fact the bases for his discounting of plaintiff's testimony. The court is not willing to make such a leap.

Admittedly, the ALJ came very close here to adequately stating germane reasons for discounting plaintiff's testimony. The Ninth Circuit has upheld an ALJ's findings where "the ALJ at least noted arguably germane reasons for dismissing the family members' testimony, even if he did not clearly link his determination to those reasons." *Lewis*, 236 F.3d at 512. But although the ALJ in *Lewis* did not clearly link each reason he gave to his dismissal of the family members' testimony, he did at least generally specify that those were the reasons.

1  Specifically, the Ninth Circuit noted that the ALJ "expressly disregarded the
2  family members' testimony" as follows:
3      "I have carefully considered the testimony of the claimant and the
4       family members in which they indicated that the claimant has been
5       'constantly' groggy and fatigued since 1989. However, the
6       documented medical history and findings and prior recorded
7       statements are contrary to the testimony."
8  *Id.* at 511. Thus, unlike in this case, in *Lewis* there was no question that the ALJ
9  discounted the lay testimony based on contrary medical evidence and prior
10 statements. *See also Thebo v. Astrue*, 436 Fed. Appx. 774, 776 (9th Cir. 2011)
11 (upholding ALJ findings where "the ALJ did not 'clearly link' his rejection of the
12 lay testimony to conflicts between the lay testimony and the medical evidence,"
13 but where ALJ apparently juxtaposed his rejection of the lay testimony with his
14 germane reasons for rejecting it, as the ALJ "noted that 'both [statements by
15 family members] were considered in arriving at the residual functional capacity'
16 and that '[c]onsideration [was] given to the medical opinions and lay reporting'").
17 Here, the ALJ failed to even juxtapose plaintiff's testimony with the contrary
18 evidence, and thus the court can only presume what the ALJ's basis was for
19 discounting plaintiff's testimony.
20     Accordingly, the court finds that the ALJ failed to specify germane reasons
21 for discounting plaintiff's testimony.
22 **B.    The ALJ Failed to Properly Evaluate the Medical Records**
23     Plaintiff contends that the ALJ failed to properly consider Exhibits 11F,
24 12F, and 13F, which were J.G.'s medical records from November 2006 through
25 July 2009. Pl. Mem. at 12-13. Specifically, plaintiff argues that none of the
26 medical opinions addressed the treatment records. *Id.* at 12. The court finds that
27
28                                             8

the ALJ considered the treatment records, but failed to make a reasonable effort to obtain a case evaluation of the entire record.

Exhibits 11F and 12F are treatment notes from the Riverside County Department of Mental Health. AR at 244-324. Exhibit 13F consists of treatment notes for J.G.'s physical illnesses. *See* AR at 326-330. Plaintiff submitted Exhibits 12F and 13F to the ALJ at the hearing. AR at 25. These records were unavailable to the State agency physicians at the time of their evaluations. *See* AR at 142-47, 178-80, 220-28, 237-43. Because Exhibit 13F only concerns J.G.'s physical illnesses, it is irrelevant to this discussion.

Section 1382(c)(a)(3)(I) of Title 42 of the United States Code states, in relevant part:

> In making any determination . . . with respect to the disability of an individual who has not attained the age of 18 years . . . , the Commissioner of Social Security shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual . . . evaluates the case of such individual.

In *Howard v. Barnhart*, the Ninth Circuit interpreted this statute as requiring the ALJ "to make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." 341 F.3d 1006, 1014 (9th Cir. 2003). The Ninth Circuit acknowledged that the record contained reports from various experts, offering opinions as to their particular speciality, but none that evaluated the case as a whole. *Id.*

In response, the Social Security Administration issued Acquiescence Ruling 04-01(9) ( "AR 04-01(9)"). 2004 WL 875081. Pursuant to AR 04-01(9), the ALJ

may satisfy the requirements in 42 U.S.C. § 1382c(a)(3)(I) by "rely[ing] on case evaluation made by a State agency medical or psychological consultant that is already in the record." The record must include evidence of the qualifications of the State agency physician. *Id.*

In reaching his disability determination, the ALJ thoroughly discussed the lay opinions, treatment notes, and medical opinions.[4] AR at 12-14. The ALJ noted that the opinions and treatment notes were consistent. Two teachers noted that J.G. had problems with focus and concentration, but one of them opined that J.G. had little or no limitations in six out of the thirteen areas considered in the "attending and completing tasks" domain. AR at 12-13, 151, 161. A third teacher opined that J.G. did not have serious problems with attending and completing tasks. AR at 13, 204. A consultative examiner, Dr. Robin Rhodes Campbell, ruled out ADHD and opined that J.G.'s attention and concentration abilities were moderately impaired. AR at 13, 138, 140. The ALJ further noted that one State agency psychiatrist diagnosed J.G. with a learning disability, not ADHD (AR at 14, 142, 144), a second State agency psychiatrist opined that J.G.'s ability to attend and complete tasks was "less than marked" (AR at 14, 180), a third State agency psychiatrist opined that J.G. had only hard marked difficulty in acquiring and using information (AR at 14, 224), and a fourth State agency psychiatrist did not believe that J.G. had any marked impairments (AR at 14, 239). Further, the ALJ reviewed the treatment notes in Exhibits 11F and 12F, noting that the records indicate that J.G. "improved significantly" from November 2007 through January

---

[4] Some of the medical opinions appear to be from plaintiff's prior application for SSI. AR at 136-47. One opinion, dated February 14, 2007, was issued after the denial of the prior application but before plaintiff filed the instant application. AR at 178-80.

2008.  AR at 13.  The notes indicated that J.G. had problems with concentration but that after taking medication, his grades improved in school.  AR at 13, 304.

As in *Howard*, there is substantial evidence to support the ALJ's decision.  But the ALJ erred when he failed to comply with 42 U.S.C. § 1382c(a)(3)(I).  The State agency physicians' opinions did not constitute an evaluation of J.G.'s entire case.  At the time the State agency physicians issued their opinions (AR at 142-47, 178-80, 220-28, 237-43), the record did not contain the relevant treatment notes (AR at 244-324).  *See Willmett v. Astrue*, No. 10-01201, 2011 WL 3816284, at *4 (E.D. Cal. Aug. 25, 2011) (State agency physician, who completed his report over eighteen months prior to the ALJ decision, did not review a subsequently issued opinion); *Robinson v. Astrue*, No. 08-2296, 2010 WL 3733993, at *4 (E.D. Cal. Sept. 21, 2010) (State agency physician's opinion did not constitute an evaluation of the entire record because it did not address the evidence submitted after it was issued).  The hearing was in July 2009 and the ALJ did not render his decision until December 2009.  There was ample time for the ALJ to seek an evaluation of the entire record, but the ALJ failed to do so.

Accordingly, the ALJ failed to properly evaluate the medical records.  In light of this finding and the finding above that the ALJ failed to properly consider plaintiff's testimony, both of which (as discussed below) require remand, it is not necessary to reach the question of whether the ALJ should have considered a closed period of disability on the record then before him, particularly as that record will be augmented on remand.

## V.
## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility).  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred both in failing to state germane reasons for discounting plaintiff's testimony, and in failing to obtain a case evaluation of the entire record.  On remand, the ALJ shall again consider plaintiff's testimony and, to the extent the ALJ again determines to discount plaintiff's testimony, the ALJ shall specify reasons germane to plaintiff for doing so.  In addition, the ALJ shall obtain a case evaluation of J.G.'s entire record either by a State agency psychiatrist or medical expert.  The ALJ shall thereafter determine, in light of the newly-obtained evaluation and all other evidence in the record, whether J.G.'s impairment functionally equals a Listing, and whether (if the ALJ determines J.G. is not disabled on an ongoing basis) J.G. was disabled during a closed period.

//
//
//
//
//

# VI.

# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: April 3, 2012

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE